UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA M. BAILEY,

                       Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                       Defendant.

Case # 17-CV-6013-FPG

DECISION AND ORDER

      Lisa M. Bailey ("Bailey" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On June 14, 2010, Bailey protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 319-20. She alleged disability since July 6, 2006 due to a lower back injury. Tr. 374. On January 13, 2012, Bailey and a vocational expert testified at a hearing

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

1

via videoconference before Administrative Law Judge Gerardo Perez. Tr. 69-139. On February 8, 2012, Perez issued a decision finding that Bailey was not disabled within the meaning of the Act. Tr. 144-52. On July 26, 2013, the Appeals Council vacated that decision and remanded Bailey's case. Tr. 157-61.

On March 10, 2015, Bailey and a vocational expert appeared and testified at a second hearing before Administrative Law Judge Michael W. Devlin ("the ALJ"). Tr. 35-68. On June 23, 2015, the ALJ issued a decision finding that Bailey was not disabled within the meaning of the Act. Tr. 15-28. On November 9, 2016, the Appeals Council denied Bailey's request for review. Tr. 1-4. Thereafter, Bailey commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990)

(holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to

show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Bailey's claim for benefits under the process described above. At step one, the ALJ found that Bailey had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Bailey has the following severe impairments: mild scoliosis of the thoracic spine, chronic low back pain with muscle spasm, right shoulder impingement syndrome, and anxiety disorder. Tr. 18. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 18-19.

Next, the ALJ determined that Bailey retains the RFC to perform light work[3] with additional restrictions. Tr. 19-26. Specifically the ALJ found that Bailey can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; can stand, walk, and sit for six hours in an eight-hour workday; must be able to sit for one to two minutes after standing for 45 minutes and be able to stand for one to two minutes after sitting for 45 minutes; can occasionally push and

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

pull 20 pounds, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; can occasionally reach and handle with her dominant right upper extremity; can understand, remember, and carry out simple instructions and tasks; can frequently interact with coworkers and supervisors and occasionally interact with the public; and can consistently maintain concentration and focus for up to two hours at a time. Tr. 19.

At step four, the ALJ found that Bailey cannot perform her past relevant work. Tr. 26. At step five, the ALJ relied on the VE's testimony and found that Bailey can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 27. Specifically, the VE testified that Bailey could work as a furniture rental consultant and dealer accounts investigator. *Id.* Accordingly, the ALJ concluded that Bailey was not "disabled" under the Act. Tr. 27-28.

## II. Analysis

Bailey argues that remand is required because the mental RFC assessment is not supported by substantial evidence.[4] ECF No. 10-1 at 28-29; ECF No. 12 at 2-6. Specifically, Bailey asserts that the ALJ erred by relying on his lay opinion instead of a medical opinion to create the mental RFC assessment. *Id.* The Court agrees.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely

---

[4] Bailey advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 10-1 at 19-28; ECF No. 12 at 1-2. However, the Court will not address those arguments because it disposes of this matter based on the improper mental RFC assessment.

diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted).

Here, the ALJ found at step two that Bailey's anxiety disorder constituted a severe impairment. Tr. 18. The ALJ noted that Bailey testified that she has had anxiety since age 15 and that "[s]he gets hot, sweaty, heart palpitations, and feels like she is going to pass out." Tr. 20. She also stated that "it has affected her at work too" and that it affects her concentration and focus. Tr. 20-21. The ALJ noted that Bailey "has been on lots of medications for the anxiety in the past, but she is not taking anything now." Tr. 21.

The ALJ reviewed treatment notes indicating that Bailey complained of increased panic attacks in September of 2006, and he summarized her history taking mental health medications like Zoloft and Celexa. Tr. 24-25. The ALJ also noted that on January 28, 2015, Letitia Devoesick, D.O. wrote a letter stating that she had treated Bailey on multiple occasions for her chronic anxiety condition. Tr. 25 (citing Tr. 958). The ALJ explained that Dr. Devoesick indicated that Bailey "was not currently taking any medications for her anxiety but continued to use strategies to reduce her symptoms." *Id.* Although the ALJ does not make note of this in his decision, review of Dr. Devoesick's letter reveals that she "worked with [Bailey] on her medication treatments over the years but they were either ineffective or caused side effects." Tr. 958. Even though Dr. Devoesick's letter makes clear that mental health medications did not improve Bailey's anxiety, the ALJ used this to her detriment in his credibility analysis when he stated that Bailey "is not currently taking any medications for anxiety . . . which indicates that her symptoms may not be as severe as she alleges." Tr. 26. The ALJ ultimately concluded, without additional explanation, that

6

Bailey "can only do simple tasks and has limitations on interactions with others due to her anxiety." *Id.*

Even though the ALJ found that Bailey's anxiety disorder constituted a severe impairment, the record lacks any medical opinion as to how this impairment affects Bailey's ability to work. Nonetheless, the ALJ somehow determined that Bailey can understand, remember, and carry out simple instructions and tasks, can frequently interact with coworkers and supervisors and occasionally interact with the public, and can consistently maintain concentration and focus for up to two hours at a time. Tr. 19. It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination without reliance on a medical opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor."). As a result, the Court finds that the mental RFC assessment is not supported by substantial evidence.

Instead of obtaining a medical opinion as to Bailey's anxiety disorder, the ALJ's decision relied on the fact that "she has never sought treatment from a psychiatrist or therapist." Tr. 26. Social Security Ruling 96-7p warns, however, that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, at *7 (S.S.A. July 2, 1996) (effective July 2, 1996 to Mar. 28, 2016). In the mental health context, "[c]ourts have observed that faulting a person with a diagnosed mental

illness for failing to pursue mental health treatment is a 'questionable practice.'" *Bick v. Colvin*, 14-CV-791S, 2016 WL 3995716, at *3 (W.D.N.Y. July 26, 2016).

Accordingly, for the reasons stated, the Court finds that the mental RFC assessment is not supported by substantial evidence and that remand is required. Because Bailey filed her application over seven years ago, the Court directs the Commissioner to expedite the remand and review of Bailey's case.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 20, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court